1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ADRIAN LANCE RAYFORD,                    No.  2:20-CV-1141-DMC-P

12                    Plaintiff,

13            v.                                ORDER

14    CANDIDO, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19            The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                           **I.  PLAINTIFF'S ALLEGATIONS**

8          Here, Plaintiff names the following as defendants: (1) Sacramento County

9   Sheriff's Deputy Candido; and (2) the Sacramento County Sheriff's Department.  See ECF No. 1,

10   pg. 1.  Plaintiff alleges:

11          I went to court 6-6-2019.  Deputy Candido made a racial discrimination
            statement to me.  And also [sic] while shackled & handcuffed in belly
12          chains, he additionally handcuffed me to a wheelchair.  The racial
            statement he made to me was: "People lived in slavery for years, is that
13          right?"

14          Id. at 3.

15

16                                  **II.  DISCUSSION**

17          For the reasons discussed below, the Court finds Plaintiff fails to state a claim

18   against either defendant.

19          A.      **Defendant Candido**

20          The treatment a prisoner receives in prison and the conditions under which the

21   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22   and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

25   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

26   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

27   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

28   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

1  two requirements are met: (1) objectively, the official's act or omission must be so serious such
2  that it results in the denial of the minimal civilized measure of life's necessities; and (2)
3  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
4  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
5  official must have a "sufficiently culpable mind."  See id.

6          Allegations of verbal harassment do not state a claim under the Eighth
7  Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner]
8  psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also
9  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).
10 In addition, the prisoner must show that the verbal comments were unusually gross, even for a
11 prison setting, and that he was in fact psychologically damaged as a result of the comments.
12 See Keenan, 83 F.3d at 1092.

13         Here, Plaintiff's allegation that Defendant Candido made a racially discriminatory
14 comment to him fails to state an Eighth Amendment claim.  First, Plaintiff has not alleged that the
15 statement was made for the purpose of causing Plaintiff psychological damage.  Second, the
16 alleged statement – "People lived in slavery for years" – is a statement of fact, which, while
17 insensitive and unnecessarily antagonizing, is not unusually gross.  Finally, Plaintiff has not
18 alleged that he in fact suffered psychological damage as a result of the statement.

19     **B.     Defendant Sacramento County Sheriff's Department**

20         Municipalities and other local government units, like the Sacramento County
21 Sheriff's Department, are among those "persons" to whom § 1983 liability applies.  See Monell v.
22 Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are
23 also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles,
24 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held
25 responsible for the acts of its employees or officials under a respondeat superior theory of
26 liability. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal
27 liability must rest on the actions of the municipality, and not of the actions of its employees or
28 officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the

3

1  constitutional deprivation complained of resulted from a policy or custom of the municipality. See

2  id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is

3  based on nothing more than bare allegations that an individual defendant's conduct conformed to

4  official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

5  624 (9th Cir. 1988).

6        Here, Plaintiff has not alleged any custom, policy, or practice of Defendant

7  Sacramento County Sheriff's Department that resulted in a constitutional violation by Defendant

8  Candido.

9

10  **III. CONCLUSION**

11        Because it is possible that the deficiencies identified in this order may be cured by

12  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

13  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

14  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

15  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

16  amend, all claims alleged in the original complaint which are not alleged in the amended

17  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

18  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

19  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

20  complete in itself without reference to any prior pleading.  See id.

21        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

22  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

23  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

24  each named defendant is involved, and must set forth some affirmative link or connection

25  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

26  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27  / / /

28  / / /

4

1    Finally, Plaintiff is warned that failure to file an amended complaint within the
2  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
3  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
4  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
5  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.    Plaintiff's original complaint is dismissed with leave to amend; and

8    2.    Plaintiff shall file a first amended complaint within 30 days of the date of
9  service of this order.

10

11  Dated:  March 23, 2021

12  _____
        DENNIS M. COTA
13      UNITED STATES MAGISTRATE JUDGE